## IN THE UNITED STATES DISTRICT COURT
### For the Eastern District of Pennsylvania

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY, <br><br> Plaintiff <br><br> vs. <br><br> BILLY & SON, LLC d/b/a HOOKED UP RECOVERY, WILLIAM LIMPER, THE ESTATE OF JASON HARVEY by and through its Administrators, LAWRENCE HARVEY and JANET LEE HARVEY, RAUL SOTO, JOHN DOES 1-10 and ABC CORPORATIONS 1-10, <br><br> Defendants | CIVIL ACTION <br><br> Case No. <br><br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, United Financial Casualty Company, by and through its undersigned counsel, by way of Complaint for Declaratory Judgment, states as follows:

### PARTIES

1.     Plaintiff, United Financial Casualty Company (hereinafter "UFCC"), is an insurance company is an insurance company incorporated in the State of Ohio, with a principal place of business located at 6300 Wilson Mills Rd., Mayfield Village, OH 44143. It is authorized to write insurance policies in the Commonwealth of Pennsylvania.

2.     Defendant, Billy & Son, LLC d/b/a Hooked Up Recovery ("Hooked Up Recovery") is a Pennsylvania limited liability company, authorized to and

1

conducting business in the Commonwealth of Pennsylvania with a principal address of 5 Hilltop Road, Levittown, PA 19056; it has an interest in the outcome of this litigation.

3. Defendant, William Limper ("Limper"), is an adult individual who is believed to be the principal and owner of Billy & Son, LLC d/b/a Hooked Up Recovery whose address is 5 Hilltop Road, Levittown, PA 19056; he has an interest in the outcome of this litigation.

4. Defendant(s), The Estate of Jason Harvey by and through its duly appointed Administrators, Lawrence Harvey, an adult individual, whose address is 423 Maple Avenue, Southampton, PA 18966, and Janet Lee Harvey, an adult individual, whose address is 4514 Pennypack Street, 1s Floor, Philadelphia PA 19136 (Collectively, "The Harvey Defendants"), are parties with an interest in the outcome of this litigation.  It is believed and therefore averred that Jason Harvey resided at 2706 Maxwell Street, Philadelphia, PA prior to his death.

5. Defendant, Raul Soto ("Soto") is an adult individual with an interest in the outcome of this litigation who at all material and relevant times is believed to have been a resident of the Commonwealth of Pennsylvania.

6. John Does 1-10 are fictitious persons who have yet to be identified and who may have an interest in the outcome of this litigation.

2

7.     ABC Corporations 1-10 are fictitious entities who have yet to be identified and who may have an interest in the outcome of this litigation.

### JURISDICTION & VENUE

8.     Jurisdiction in this matter is proper pursuant to 28 U.S.C. § 1332 insofar as there exists diversity of citizenship between the Plaintiff and the Defendants and inasmuch as the amount in controversy exceeds $75,000.00.

9.     Venue is proper pursuant to 28 U.S.C. § 1391 insofar as a substantial part of the events or omissions giving rise to the claim occurred in the Commonwealth of Pennsylvania within the jurisdiction of this Court.

### FACTS COMMON TO ALL COUNTS

10.     The Harvey Defendants instituted a lawsuit in the Philadelphia Court of Common Pleas, Case No. 260600952, ("the underlying lawsuit"), on June 8, 2026 seeking damages for the death of Jason Harvey stemming from an accident that is alleged to have occurred on February 28, 2026.

11.     The underlying lawsuit alleges that Jason Harvey was killed in an accident when  Dodge Magnum being towed by a tow truck owned by Hooked Up Recovery, and/or Limper and operated by Soto detached and struck him while riding his motorcycle on Frankford Avenue in Philadelphia.

12.     The underlying lawsuit alleges that this occurred at 4:12 p.m.

13. The Harvey Defendants allege that it was the negligence of Hooked Up Recovery, Limper and/or Soto which caused the accident and the fatal injuries sustained by Jason Harvey.

14. It is believed, and therefore averred, that the tow truck involved in the accident was a certain 2016 Ford F250 (VIN # ending -43386), license plate no. ZRG9679 ("the subject tow truck").

15. It is believed and therefore averred that Limper and/or Hooked Up Recovery owned the subject tow truck for at least two years prior to February 28, 2026.

16. On or about January 8, 2026, Limper applied for a policy of commercial automobile liability insurance with UFCC on behalf of himself and Hooked Up Recovery. See, Exhibit A, a true and correct copy of the application which has been redacted to remove personal identifiers and impertinent information.

17. At the time of the application, Limper listed himself as the driver and a certain 2009 Chevrolet Silverado as the policy listed vehicle. See, Exhibit A.

18. UFCC issued policy no. 867962319, eff. Jan. 8, 2026 – Jan. 8, 2027 to Hooked Up Recovery which listed Limper and the 2009 Chevrolet Silverado on the policy (hereinafter, "the policy"). See, Exhibit B, a true copy of the policy and declarations page which has been redacted to remove personal identifiers and impertinent information.

19.    On or about February 26, 2026, the 2009 Chevrolet Silverado was removed from the policy and a certain, 2012 Ford F350 (VIN # ending - 39914) was added to the policy.  See, Exhibit C, a true copy of the updated declarations page reflecting this change which has been redacted to remove personal identifiers and impertinent information.

20.    Prior to the accident on February 28, 2026, Limper did not add any other drivers, let alone Soto, to the policy.

21.    Prior to the accident on February 28, 2026, Limper did not add the subject tow truck to the policy.

22.    Limper added the subject tow truck to the policy on February 28, 2026 at 4:46 p.m.  See, Exhibit D, a true and correct copy of the declarations page identifying this change which has been redacted to remove personal identifiers and impertinent information.

## COUNT ONE

23.    Plaintiff repeats the allegations of Paragraphs 1-22 above and incorporates same herein as if set forth fully.

24.    The policy provided for Liability to Others and states as follows:

**PART I – LIABILITY TO OTHERS**
**INSURING AGREEMENT – LIABILITY TO OTHERS**

Subject to the Limits of Liability, if you pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury, property**

5

**damage** and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**…

Emphasis in the original.  See, Exhibit B

25.    For purpose of this Part I – Liability to Others, the term "insured" is defined to include any person while using with the named insured's permission an "insured auto" the named insured owns, hires or borrows.  See, Exhibit B.

26.    The subject tow truck does not qualify as an "insured auto" within the meaning of the policy.

27.    The policy defines "insured auto" as follows:

6. "**Insured auto**" or "**your insured auto**" means:
a. Any **auto** specifically described on the **declarations page**; or
b. An additional **auto** for Part I – Liability to Others…on the date **you** become the owner if:

> (i) **you** acquire the **auto** during the policy period shown on the **declarations page**;
> (ii) **we** insure all **autos** owned by **you** that are used in your business;
> (iii) no other insurance policy provides coverage for that **auto**; and
> (iv) **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage.

\*\*\*

c. Any replacement **auto** on the date you become the owner if:

> (i) **you** acquire the **auto** during the policy period shown on the **declarations page**;
> (ii) the **auto** that **you** acquire replaces on specifically described on the **declarations page** due to termination of **your** ownership of the replaced **auto** or due to mechanical breakdown of, deterioration of, or **loss** to the replaced auto that renders it permanently inoperable; and
> (iii) no other insurance policy provides coverage for that auto.

6

Emphasis in the original.  See, Exhibit B.

28.    The subject tow truck was not listed on the policy declarations at the time of the alleged accident.  See, Exhibit C.

29.    The subject tow truck was added to the policy after the accident occurred.  See, Exhibit D.

30.    The subject tow truck does not qualify as an "additional auto" on the policy.

31.    The subject tow truck was not an "additional auto" within the meaning of the policy because it was not acquired within 30 days of the accident alleged in the underlying lawsuit.

32.    It is believed and therefore averred that the subject tow truck was acquired by Limper and/or Hooked Up Recovery approximately two years prior to the date of the accident.

33.    The subject tow truck was not a "replacement auto" because it did not replace an auto already listed on the policy at the time of the alleged accident.

34.    The subject tow truck also does not meet the definition of "temporary substitute auto" within the meaning of the policy because it was a vehicle which Limper and/or Hooked Up Recovery already owned.

35. Because the subject tow truck does not meet any policy definition of "insured auto," there is no coverage for the accident and injuries alleged in the underlying lawsuit.

36. Because Soto was operating a vehicle that does not meet the policy definition(s) of "insured auto" and/or "your insured auto," he does not qualify as an insured on the policy.

37. Consequently, Plaintiff seeks a declaration that it is not obligated to provide a defense and/or indemnity for the loss and damages alleged by the Harvey Defendants in the underlying lawsuit.

38. There is an actual case and controversy among the parties as to the nature and extent of their respective rights and obligations under the policy.

39. A declaration of the parties' respective rights will settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations with respect to the coverage afforded by the policy.

WHEREFORE, Plaintiff, United Financial Casualty Company, demands judgment pursuant to 28 U.S.C. §2201 and 42 Pa. C.S. §7531, et seq. declaring that:

A) The subject tow truck, a certain 2016 Ford F250 (VIN # ending -43386), license plate no. ZRG9679, is and was not insured on the policy no. 867962319 issued by Plaintiff to Billy & Son, LLC d/b/a Hooked Up

Recovery at the time of the incidents complained of in the underlying lawsuit;

B) The subject tow truck, a certain 2016 Ford F250 (VIN # ending -43386), license plate no. ZRG9679, was not added to the policy no. 867962319 until after the incidents alleged in the underlying lawsuit;

C) Consequently, Defendant Raul Soto, was not an "insured" within the meaning of the policy because he was not operating an "insured auto" within the meaning of the policy;

D) Because neither Defendant Raul Soto nor the subject tow truck at the time of the alleged incident in the underlying lawsuit were insured on the policy issued by Plaintiff to Billy & Son, LLC d/b/a Hooked Up Recovery, Plaintiff, United Financial Casualty Company, is not obligated to defend and/or to indemnify Defendants, Billy & Son, LLC, William Limper and/or Raul Soto for the accident and damages alleged in the underlying lawsuit; and

E) For such other relief as the Court may deem just and appropriate, including but not limited to attorneys' fees and costs of suit.

### DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTE that Patricia A. Holden, Esq., is hereby designated as

9

Trial Counsel for Plaintiff, United Financial Casualty Company.

Respectfully,
CIPRIANI & WERNER, P.C.

By: *s/Patricia A. Holden*
Patricia A. Holden, Esq. (Bar #53687)
Attorney(s) for Plaintiff
155 Gaither Drive, Suite B
Mt. Laurel, NJ 08054
☎ (856)761-3800
Dated: August 6, 2026                         ✉ pholden@c-wlaw.com